UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YANTAI LINGNAN CLOTHING CO. LTD.,   CASE NO: 1:19-cv-00266
a Chinese Corporate Entity,

                        Plaintiff(s),

            - against -

SEDUKA LLC, a New York Corporation
and d/b/a SEDUKA JEANS, INC. and
d/b/a THE H GROUP, and
JOSEPH A DAHAN a/k/a JOE DAHAN
and a/k/a JOEY DAHAN and a/k/a
YOSSEF DAHAN, individually and d/b/a
SEDUKA JEANS, INC. and d/b/a
THE H GROUP,

                        Defendant(s).
-------------------------------------------------------------x

**COMPLAINT**

Plaintiff, YANTAI LINGNAN CLOTHING CO. LTD., a Chinese corporate entity, by its attorneys, KEVIN KERVENG TUNG, P.C., and for its complaint against defendants, SEDUKA LLC, a New York Corporation and d/b/a JEANS, INC. and d/b/a THE H GROUP, and JOSEPH A DAHAN a/k/a JOE DAHAN and a/k/a JOEY DAHAN and a/k/a YOSSEF DAHAN, individually and d/b/a SEDUKA LLC and d/b/a SEDUKA JEANS, INC. and d/b/a THE H GROUP, respectfully alleges:

**PARTIES, JURISDICTION AND VENUE**

1.     The plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. § 1332.

2.     The plaintiff, YANTAI LINGNAN CLOTHING CO. LTD. (hereinafter as the "Plaintiff"), is a corporate entity organized and existing under the laws of the People's Republic of

China, with its principal place of business at No. 83 Guanhai Road, Laishan District, Yantai City, Shandong Province, China, and is in the business of manufacturing and selling garments.

3. The defendant, SEDUKA LLC, d/b/a SEDUKA JEANS, INC. and d/b/a THE H GROUP (hereinafter as "SEDUKA"), is a corporation organized and existing under the laws of New York, with its principal place of business at 462 7th Avenue, 9th Floor, New York, NY 10018, and is a distributor and wholesale seller of garments.

4. The defendant, JOSEPH A DAHAN, a/k/a JOE DAHAN and a/k/a JOEY DAHAN and a/k/a YOSSEF DAHAN (hereinafter as "JOSEPH DAHAN"), individually and d/b/a SEDUKA LLC and d/b/a SEDUKA JEANS, INC. and d/b/a THE H GROUP, is an individual and resides at 605 Park Ave., Apt. 14B, New York, NY 10065, and is the president of defendant SEDUA.

5. Defendants, SEDUKA and JOSEPH DAHAN (collectively as the "Defendants"), are alter-ego.

6. There is complete diversity of citizenship between the Plaintiff and the Defendants.

7. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendants because Defendants either reside in the State of New York, or are corporations organized and existing under the laws of New York with the principal place of business in the State of New York.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the

Defendants reside in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. In 2016 and 2017, the Defendants placed a number of purchase orders with the Plaintiff for the purchase of various garments.

11. The Plaintiff, per its typical practice, set forth on its commercial invoice form a recapitulation of the garments ordered by the Defendants, such as their quantity, goods description, unit price, shipping destination, and total amount.

12. In 2017, the Plaintiff issued to the Defendants eleven (11) commercial invoices for the garments that were ordered by the Defendants and that were shipped by the Plaintiff to the Defendants per their direction. Copies of the 11 commercial invoices are attached hereto and made part hereof as **Exhibit "A"**.

13. The foregoing eleven (11) invoices issued by the Plaintiff to the Defendants, as set forth in Exhibit "A", total $895,650.48.

14. The Defendants have only paid to the Plaintiff $195,000 against the foregoing eleven (11) invoices, leaving an unpaid balance in the amount of $700,650.48.

15. Since the Defendants never made any payments to the $700,650.48 balance, on February 6, 2018, the Plaintiff wrote a letter to the Defendants demanding the Defendants to pay within fourteen (14) days.

16. In the February 6, 2018 letter, in order to persuade the Defendants to pay the balance, the Plaintiff gave defendants a discount in the amount of $22,341.88, thus reducing the total balance to $678,308.60.

17. As such, the due date for payment to the Plaintiff for the $678,308.60 balance was February 22, 2018.

18. The Defendants never made any payments to the $678,308.60 balance.

19. The Plaintiff is entitled to pre-judgment interest from February 22, 2018, the payment due date.

20. As such, the Defendants are liable to the Plaintiff in the amount of $678,308.60, plus interest from February 22, 2018.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

21. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

22. The Defendants ordered from the Plaintiff the goods identified on the invoices set forth in Exhibit "A".

23. The Plaintiff has shipped to the Defendants or their customers at the direction of the Defendants the goods ordered, and the Defendants or their customer(s) received and retained such goods without objection.

24. Each of the invoices in Exhibit "A" sets forth a listing of the goods ordered from the Defendants and shipped by the Plaintiff to the Defendants or the Defendants' customers at the Defendants' direction, and the price agreed upon for such goods.

25. The invoices in Exhibit "A" are the contracts between the Plaintiff and the Defendants.

26. The Plaintiff has timely delivered to Defendants and the Defendants have accepted without objection all the goods identified on the foregoing eleven (11) invoices.

27. The Plaintiff has duly performed all the terms and conditions of the contracts on its part.

28. No part of the sum of $678,308.60 balance for the invoices annexed hereto as Exhibit "A" has been paid for, leaving a balance due the Plaintiff of $678,308.60 with interest from February 22, 2018.

29. Defendant JOSEPH DAHAN has admitted that he is the alter-ego of defendant SEDUKA.

30. Defendant JOSEPH DAHAN has assumed or guaranteed the debts and obligations of defendant SEDUKA.

31. As such, the Defendants breached the contracts, and are liable to the Plaintiff in the amount of $678,308.60 U.S.D. plus pre-judgment interest in the amount of 9% per annum from February 22, 2018 as allowed by NY CPLR 5004.

## SECOND CLAIM FOR RELIEF

**(Account Stated)**

32. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

33. Each of the invoices in Exhibit "A" sets forth the date when each invoice was rendered by the Plaintiff to the Defendants.

34. Each of the invoices in Exhibit "A" is a full and true account of these transactions,

and the accounts were delivered to, accepted, and retained by the Defendants without objection.

35. No part of the sum of $678,308.60 balance for the invoices annexed hereto as Exhibit "A" has been paid for, leaving a balance due the Plaintiff of $678,308.60 with interest from February 22, 2018.

36. As a result of the above, an account was stated between the Plaintiff and the Defendants which showed a balance of $678,308.60 due and owing by the Defendants to the Plaintiff.

37. Therefore, the Defendants are liable to the Plaintiff in the amount of $678,308.60 U.S.D. plus pre-judgment interest in the amount of 9% per annum from February 22, 2018 as allowed by NY CPLR 5004.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

38. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39. In the event this court should find there be no contract, at the special instance and request of the Defendants, the Plaintiff provided and furnished all products to the Defendants, resulting in a fair and reasonable value in connection with goods delivered for the total amount of $895,650.48, no part of which has been paid except the sum of $195,000, leaving a balance due the Plaintiff of $700,650.48, along with interest from February 22, 2018.

40. The Defendants accepted the goods from the Plaintiff without objection, but failed to recognize and promptly pay for legitimate claims of the Plaintiff for the value of the goods.

41. As a result of the foregoing, the Defendants have been unjustly enriched in that they have received and retained the benefit of the Plaintiff's goods without timely and full payment in return.

42. The Plaintiff is entitled to be compensated in *quantum meruit* for the value of the goods it delivered, which unpaid amount is no less than $700,650.48 U.S.D., along with statutory interest thereon from February 22, 2018.

## FOURTH CLAIM FOR RELIEF

### (Alter Ego, Piercing the Corporate Veil)

43. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44. When placing orders on the Plaintiff, defendant JOSEPH DAHAN used fictitious company names of Seduka Jeans, Inc. and The H Group.

45. Neither Seduka Jeans, Inc. nor The H Group are registered corporate entities. The true name of the company formed by JOSEPH DAHAN is Seduka LLC.

46. JOSEPH DAHAN used fictitious company names of Seduka Jeans, Inc. and The H Group with the intent to defraud sellers such as the Plaintiff.

47. Defendants, SEDUKA and JOSEPH DAHAN, have represented to and admitted to the Plaintiff that they are alter ego of each other.

48. Defendant JOSEPH DAHAN completely dominated defendant SEDUKA, in disregard of the supposedly separate identities of SEDUKA.

49. Defendant JOSEPH DAHAN controlled defendant SEDUKA as a collective and

single business venture with the entities being shells and his mere instrumentalities.

50. Defendant JOSEPH DAHAN failed to observe basic corporate formalities such as board meetings and keeping of corporate records with regard to defendant SEDUKA.

51. There was no separate or "independent" ownership and/or management of the SEDUKA.

52. SEDUKA and JOSEPH DAHAN comingled and/or otherwise improperly shared employees, customer accounts, accounts receivable, accounts payable, inventory, equipment, trucks, bank accounts, cash, debts, warehouse space and other assets and liabilities.

53. SEDUKA did not have, exercise or display discretion separate from that of JOSEPH DAHAN.

54. JOSEPH DAHAN and SEDUKA did not deal with each other at arm's length.

55. SEDUKA did not have or maintain adequate independent capital but rather was treated as a mere "pass through" entity by JOSEPH DAHAN.

56. By reason of the foregoing, the Plaintiff is entitled to a judgment against Defendants (a) declaring that SEDUKA is a mere alter ego of JOSEPH DAHAN, (b) piercing the corporate veil of SEDUKA vis-à-vis JOSEPH DAHAN, and (c) holding JOSEPH DAHAN liable for the debts of JOSEPH DAHAN.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in its favor and against the Defendants, jointly and severally, as follows:

A. On the first claim, for $678,308.60 U.S.D. plus pre-judgment interest in the amount

of 9% per annum from February 22, 2018;

B. On the second claim, for $678,308.60 U.S.D. plus pre-judgment interest in the amount of 9% per annum from February 22, 2018;

C. On the third claim, for $700,650.48 U.S.D., along with statutory interest thereon in the amount of 9% per annum from February 22, 2018;

D. On the fourth claim, for $678,308.60 U.S.D. plus pre-judgment interest in the amount of 9% per annum from February 22, 2018;

E. On the fourth claim, (a) declaring that JOSEPH DAHAN is a mere alter ego of SEDUKA, (b) piercing the corporate veil of JOSEPH DAHAN vis-à-vis SEDUKA, and (c) holding JOSEPH DAHAN liable for the debts of SEDUKA;

F. Awarding to the Plaintiff all costs, reasonable attorneys' fees and interests; and

G. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

Dated:   January 9, 2019

                                  KEVIN KERVENG TUNG, P.C.
                                  *Attorneys for Plaintiff*

                           By: /s/ Zheng Gao
                                Zheng Gao, Esq. (ZG-2539)
                                Queens Crossing Business Center
                                136-20 38th Ave., Suite 3D
                                Flushing, New York 11354
                                (718) 939-4633